**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX O. RODRIGUEZ-SAEZ, JR. | |
| Appellant | No. 1129 MDA 2014 |

Appeal from the Judgment of Sentence June 11, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004210-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                **FILED APRIL 22, 2015**

Felix O. Rodriguez-Saez, Jr., appeals from the judgment of sentence entered June 11, 2014, in the Berks County Court of Common Pleas.  The trial court imposed an aggregate sentence of three to 12 years' incarceration, following Rodriguez-Saez's jury conviction of possession with intent to deliver ("PWID") heroin and two counts of possession of controlled substances (heroin and cocaine).[1]  Contemporaneous with this appeal, counsel has filed a petition to withdraw from representation and an ***Anders*** brief.  ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).   Counsel's ***Anders*** brief identifies three issues for our review:  (1) the excessiveness of Rodriguez-Saez's

---

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

sentence; (2) the lack of minorities in Rodriguez-Saez's jury pool; and (3) the ineffective assistance of trial counsel. For the reasons set forth below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Rodriguez-Saez's arrest and conviction are as follows. On August 27, 2013, Detectives David McQuate and Michael Rowe, County Detectives with the Berks County District Attorney's Office, were conducting surveillance of the zero hundred block of Neversink Street in Reading, Pennsylvania. At approximately 12:52 p.m., they observed a man arrive on a BMX style bicycle. He had a conversation with another individual wearing a white tank top, later identified as Rodriguez-Saez. The man on the bike pulled away, but circled and came back to the curb line. Meanwhile, Rodriguez-Saez walked to a fountain on Neversink Street, and knelt down. He then returned to the man on the bicycle. At that time, the detectives observed the man on the bicycle take money from his waistband and engage in a hand-to-hand transaction with Rodriguez-Saez. After the man on the bike left the area, the detectives continued surveillance of Rodriguez-Saez for approximately 30 minutes, during which time he walked into a breezeway between 6 and 8 Neversink Street several times. *See* N.T., 6/11/2014, at 9-26.

The detectives radioed a description of Rodriguez-Saez to the arrest team, which included Detective John Lackner. When Detective Lackner approached, Rodriguez-Saez was with a Hispanic female and counting

$12.00 he held in his hand. The detective engaged Rodriguez-Saez in conversation,[2] and while doing so, noticed two rubber bands on his fingers, which the detective immediately recognized as the type used in heroin packaging.[3] When Detective Lackner began talking to him about heroin, Rodriguez-Saez admitted that he sold heroin to support his own habit. As the conversation continued, Rodriguez-Saez claimed he was only a user of the drug, not a seller. Rodriguez-Saez was then placed under arrest. **See id.** at 33-37.

Upon a search incident to arrest, the officers recovered two working cell phones, two blue glassine packets containing heroin, and $83.00 in U.S. currency from Rodriguez-Saez's person. No paraphernalia typical of a heroin user was recovered on or near Rodriguez-Saez. While Detective Lackner was talking to the suspect, other officers searched the fountain area and breezeway, where they recovered additional packets of heroin and cocaine. **Id.** at 37-44.

As noted above, Rodriguez-Saez was charged with PWID and two counts of possession of controlled substances. The case proceeded to a jury

---

[2] During trial, Detective Lackner testified he provided Rodriguez-Saez with **Miranda** warnings, and the suspect agreed to speak with him without an attorney present. **See** N.T., 6/11/2014, at 34. **See also Miranda v. Arizona**, 384 U.S. 486 (1966).

[3] When Detective Lackner asked Rodriguez-Saez about the rubber bands, he replied that he used them to braid hair. **See** N.T., 6/11/2014, at 34.

trial, and on June 11, 2014, the jury returned a verdict of guilty on all charges. Rodriguez-Saez was sentenced that same day[4] to a term of two and one-half to 10 years' imprisonment for PWID,[5] and a consecutive six to 24 months' imprisonment for possession of cocaine. The remaining possession charge merged for sentencing purposes.

Rodriguez-Saez filed a post-sentence motion seeking reconsideration of his sentence,[6] which was denied by the trial court on June 24, 2014. This timely appeal followed.[7]

_____

[4] The record reveals that a presentence investigation report was completed prior to trial, and reviewed by the trial court before sentencing. **See** N.T. Sentencing, 6/11/2014, at 2.

[5] We note that prior to trial, the Commonwealth filed notice of its intention to invoke the mandatory minimum sentencing provision in 18 Pa.C.S. § 6317, which provides for a minimum two-year sentence when, *inter alia*, a defendant is convicted of selling drugs within 1,000 feet of a school. 18 Pa.C.S. § 6317(a). However, on the day of trial, the trial court, upon motion of the Commonwealth, entered an order amending the criminal information so that the PWID charge would "NOT include the language 'within 1,000 feet of a school.'" Order, 6/11/2014. Moreover, the mandatory minimum provision was never discussed during the sentencing hearing. Accordingly, it appears that the Commonwealth did not seek the two-year mandatory minimum sentence in this case.

[6] Although the post sentence motion was untimely filed, counsel averred that he had been away on vacation, and upon his return on June 23, 2014, received a letter from Rodriguez-Saez requesting he file post-sentence motions. **See** Post-Sentence Motion to Modify or Reconsider Sentence, 6/24/2014, at ¶ 3. The trial court subsequently denied the motion, and Rodriquez-Saez filed a timely notice of appeal on July 8, 2014.

[7] On July 16, 2014, the trial court ordered Rodriguez-Saez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *(Footnote Continued Next Page)*

When counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in *Anders*, *supra*, and its progeny, by (1) filing a petition for leave to withdraw, in which she states her belief that the appeal is frivolous, (2) filing an *Anders* brief pursuant to the dictates of *Santiago*, *supra*, (3) furnishing a copy of the *Anders* brief to Rodriguez-Saez, and (4) advising Rodriguez-Saez of his right to retain new counsel or proceed *pro se*. *Cartrette*, *supra*, 83 A.3d at 1032. Further, Rodriguez-Saez has filed a *pro se* response to counsel's *Anders* brief, in which he expounds upon the claims raised in the *Anders* brief, and also argues the trial court erred in failing to recognize his *pro se* filings. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

*(Footnote Continued)* ————————————

Thereafter, on August 1, 2014, trial counsel filed a petition to withdraw stating that Rodriquez-Saez wished to assert counsel's ineffectiveness on appeal. The trial court granted counsel's motion, and appointed present counsel, Abby L. Rigdon, Esq., to represent him on appeal. After receiving an extension of time to file a Rule 1925(b) statement, on September 3, 2014, Rigdon filed a concise statement noting her intent to seek permission to withdraw pursuant to *Anders*. *See* Pa.R.A.P. 1925(c)(4).

The first issue identified in the **Anders** brief challenges the discretionary aspects of Rodriguez-Saez's sentence.[8] "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). Here, Rodriguez-Saez filed a post-sentence motion challenging the discretionary aspects of his sentence, as well as a timely direct appeal. Moreover, the **Anders** brief includes the requisite statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied upon for allowance of appeal. Therefore, we may proceed to determine whether Rodriguez-Saez has set forth a substantial question that his sentence is

---

[8] "Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

inappropriate under the Sentencing Code. *See Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003).

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, the *Anders* brief sets forth a claim that Rodriguez-Saez's sentence was excessive because the trial court failed to properly consider certain mitigating factors, and imposed an aggravated range sentence "without proper reasons, focusing primarily on [Rodriguez-Saez's] prior record which was already taken into account by the prior record score." *Anders* Brief at 12. Further, the *Anders* brief asserts that the imposition of consecutive sentences was "an extremely harsh punishment for this particular [defendant,]" and that, in doing so, the trial court "totally disregarded the character and rehabilitative needs of [Rodriguez-Saez.]" *Id.* at 12-13.

However, the only claims raised in Rodriguez-Saez's post-sentence motion challenged the court's failure to consider mitigating factors and its imposition of consecutive, rather than concurrent, sentences. *See* Post-Sentence Motion to Modify or Reconsider Sentence, 6/24/2014. Therefore, any other claims are waived due to Roriguez-Saez's failure to include them in the post-sentence motion. *See Commonwealth v. Mann*, 820 A.2d 788,

794 (Pa. Super. 2003) (holding appellant's failure to raise "the specific claim regarding the sentencing court's alleged failure to state the reasons for his sentence on the record" either at sentencing or in his post-sentence motion waives the claim for appellate review), *appeal denied*, 831 A.2d 599 (Pa. 2003).

Moreover, neither of the claims included in the motion raise a substantial question for our review.  *See Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010).   Furthermore, we note that where, as here, the trial court had the benefit of a presentence investigation report, we will presume it was "aware of all appropriate sentencing factors and considerations."  *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted).  Thus, we agree with counsel's assessment that the first issue identified in the *Anders* brief is meritless.

The second issue identified in the *Anders* brief challenges the lack of minorities in Rodriguez-Saez's jury pool.  Specifically, Rodriguez-Saiz, who is Hispanic, asserts that "the jury procedure used in his case selectively excludes minorities" and resulted in a jury pool with no minority jurors. *Anders* Brief at 13.

With regard to such a challenge, our Supreme Court has explained:

"Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not **systematically exclude distinctive groups** in the community and thereby fail to be reasonably representative thereof."  *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 701, 42 L.Ed.2d 690, 703 (1975) (citations omitted; emphasis added).

- 8 -

> In order to establish a prima facie violation of the requirement that the jury array fairly represent the community, a defendant must show that: (1) the group allegedly excluded is a distinctive group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such people in the community; and (3) this underrepresentation is due to systematic exclusion of the group in the jury selection process. ***Duren v. Missouri***, 439 U.S. at 364, 99 S.Ct. at 668, 58 L.Ed.2d at 586-87. "Systematic" means caused by or inherent in the system by which juries were selected. ***Id.*** at 366-67, 99 S.Ct. at 669-70, 58 L.Ed.2d at 588.

***Commonwealth v. Craver***, 688 A.2d 691, 696 (Pa. 1997) (emphasis supplied), *cert. denied*, 522 U.S. 834 (1997). Furthermore,

> [p]roof is required of an actual discriminatory practice in the jury selection process, not merely under-representation of one particular group. The defendant bears the initial burden of presenting *prima facie* evidence of discrimination in the jury selection process.

***Comonwealth v. Johnson***, 838 A.2d 663, 682 (Pa. 2003), *cert. denied*, 543 U.S. 1008 (2004).

In the present case, Rodriguez-Saez has offered no evidence to support his contention that (1) his jury was devoid of members of Hispanic descent, or (2) the juror selection process utilized by Berks County systemically excludes potential Hispanic jurors. Accordingly, this claim fails. ***See Id.*** (concluding appellant failed to establish constitutional violation when he "presented evidence to suggest that African–Americans were underrepresented, [but failed to] offer[] evidence or argument revealing systematic exclusion.").

In his *pro se* response to counsel's **Anders** brief, Rodriguez-Saez further asserts:

> [T]he lack of minorities in the pool was not the issue that he wanted to raise in this appeal, but rather the fact that there was (sic) minorities in the fifty (50) plus potential jurors, and his rights were violated, (mainly due process), when [he] was not allowed or permitted to select jurier (sic) of any race or ethnic background, mainly Hispanics.

*Pro Se* Amended Brief at unnumbered 3, ¶ VII. In addition, Rodriguez-Saez claims the trial court asked the potential jurors an improper question, namely, whether they believed they could impartially judge a Hispanic defendant. **Id.**

We conclude these additional claims are waived because the notes of testimony from Rodriguez-Saez's jury trial do not include the jury voir dire. **See** N.T., 6/11/2014, at 7 (noting that jury voir dire was not transcribed). It is the appellant's duty to request all transcripts required for appeal, or, if none is available, to prepare a statement in absence of the proceedings. **See** Pa.R.A.P. 1911(a), 1923. Thus, no relief is warranted on any of the claims related to Rodriguez-Saez's jury composition or selection process.

The last issue identified in the **Anders** brief challenges the ineffective assistance of counsel. However, it is well-established that ineffectiveness claims must be deferred until collateral review. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to

be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, **supra**, 79 A.3d at 576. Although the **Holmes** Court recognized two exceptions to that general rule, neither is applicable here.[9] Accordingly, we dismiss Rodriguez-Saez's challenge to the ineffectiveness of trial counsel without prejudice to him to raise it in a timely collateral proceeding.

Rodriguez-Saez raises one additional claim in his *pro se* response to counsel's **Anders** brief, that is, whether the trial court erred in failing to consider his *pro se* filings submitted before counsel petitioned to withdraw. We remind Rodriguez-Saez that "[n]o defendant has a right to hybrid representation, either at trial or on appeal." **Comonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013), *cert. denied*, 134 S. Ct. 2725 (U.S. 2014). Therefore, the trial court properly declined to consider Rodriquez-Saez's *pro se* filings when he was represented by counsel.

---

[9] The **Holmes** Court limited those exceptions to the following: (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, **supra**, 79 A.3d at 564, 577 (footnote omitted).

Accordingly, because we agree with counsel's assessment that Rodriguez-Saez's appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2015